RECEIVED
CLERK OF COURT

2005 MAR -8  P 6: 00

US DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Esteban M. Weber, #279818, | C. A. No. 2:04-1563-24 |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Gwendolyn Gathers; Percy Jones; Michael Stephan; Herman Wright; Timothy McCoy; Head Nurse Mackay (FLU), sued in individual capacities, | |
| Defendants. | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Esteban Weber, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgement. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Under the Prison Litigation and Reform Act, "No action shall be brought with respect to prison conditions[2] under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The plaintiff has the burden of demonstrating that he had exhausted the prison grievance procedure or that administrative remedies were unavailable with respect to his claims. See, Brown v. Tombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 119 S.Ct. 88 (1998).

Defendants filed summary judgment motions in which they argue that Weber did not exhaust his administrative remedies and that the court should dismiss his claims on that basis. The sworn affidavit of Mary Coleman, Chief of the Inmate Grievance Branch, has been filed by the defendants, which affidavit indicates that the plaintiff has never filed a grievance for any allegations related to incidents which occurred on June 27, 2002.

---

[2] The Supreme Court recently held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force of some other wrong. Porter v. Nussle, 534 U.S. 516 (2002). Also, in Booth v. Churner, 523 U.S. 731, 121 S.Ct. 1819 (2001), the Supreme Court held that under § 1997e(a) a prisoner must exhaust his administrative remedies even when the relief the prisoner seeks (money damages) is not available in the prison grievance proceedings. Id. at 1825.

2

Coleman also affined that the plaintiff never filed a grievance against any of the defendants named in the instant suit.

In response, the plaintiff filed his own affidavit in which he stated that he did file an eleven (11) page Step 1 grievance with Institutional Grievance Coordinator, David Driscoll, but that the grievance was returned to the plaintiff unprocessed. The plaintiff did not indicate what reason was given for returning the grievance unprocessed or the number assigned to the the grievance. At any rate, the plaintiff did not remedy the problem with his returned grievance or file another Step 1 grievance with the with Institutional Grievance Coordinator. Instead, Weber affined that he forwarded the rejected grievance to the acting Warden, William M. White. Weber got no response from White so Weber sent a copy of the grievance to Gene Kneels at the Inmate Grievance Branch. Again, no response was received.

With the record incomplete over this threshold material issue of whether the plaintiff exhausted administrative remedies as were available, an evidentiary hearing must be held to flesh out the issues and further develop the record. Accordingly, it is recommended the motion for summary judgment on the issue of exhaustion be denied at this time, and this matter remanded to

3

the undersigned to fully develop the record with regard to the issue of exhaustion.

                                        Respectfully Submitted,

                                        S/Robert S. Carr
                                        United States Magistrate Judge

Charleston, South Carolina

March 8, 2005

4

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**
