IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Esteban M. Weber, #279818,   ) | |
| ) | C/A No. 2:04-1563-MBS |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | |
| ) | |
| Gwendolyn Gathers; Percy Jones;   ) | **O R D E R** |
| Michael Stephan; Herman Wright;   ) | |
| Timothy McCoy; Head Nurse Mackay   ) | |
| (FLU), sued in individual capacities,   ) | |
| ) | |
| Defendants.   ) | |
| ) | |

## **INTRODUCTION**

Plaintiff Esteban M. Weber, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Head Nurse Mackay ("Mackay"), Gwendolyn Gathers ("Gathers"), Percy Jones ("Jones"), Michael Stephan ("Stephan"), Herman Wright ("Wright"), and Timothy McCoy ("McCoy") violated his Eighth Amendment protection against cruel and unusual punishment by using excessive force and denying him adequate medical treatment during his detainment at the Broad River Correctional Institution.

This matter is before the court on two motions for summary judgment: one filed by Mackay on November 1, 2004, and a second filed by Gathers, Jones, Stephan, Wright, and McCoy on December 10, 2004. By two separate orders filed November 5, 2004, and December 21, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff did not file a response to Mackay's motion, but did file a response to Gathers, Jones, Stephan, Wright, and McCoy's motion on January 27, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the case pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and, on March 8, 2005, filed a Report and Recommendation. The Magistrate Judge recommended that this court deny both of Defendants' motions for summary judgment on the issue of whether Plaintiff exhausted all available administrative remedies, and remand the matter to the Magistrate Judge to fully develop the record. On March 28, 2005, Mackay filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## DISCUSSION

Mackay objects to the Magistrate Judge's recommendation that summary judgment be denied on the issue of exhaustion, because she did not move for summary judgment on this issue. Instead, Mackay asserts that she merely noted the deficiency in the record that Plaintiff failed to

provide any evidence that he exhausted his administrative remedies. The court finds this objection to be without merit. Even though Mackay did not raise this issue as a ground for summary judgment, Plaintiff's failure to exhaust his remedies would preclude him from seeking relief from the court at this time and entitle Mackay to summary judgment. See Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 519 (2002) (stating that all prisoners seeking redress for prison circumstances or occurrences must exhaust every available administrative remedy before bringing a § 1983 action).

Alternatively, Mackay waives the dispositive ground of exhaustion of administrative remedies and asks that this court enter summary judgment on her behalf as to the remaining dispositive grounds raised therein. The court denies this request and, pursuant to 28 U.S.C. § 636, recommits the case to the Magistrate Judge so that he may fully develop the record with regard to the issue of exhaustion. See 28 U.S.C. § 636(b)(1).

## CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated above and in the Report and Recommendation, Defendants' motions for summary judgment are **denied** and the matter is **remanded** to the Magistrate Judge to fully develop the record with regard to the issue of exhaustion.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
June 20, 2005