UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| Esteban M. Weber, #279818, ) | C/A No. 2:04-1563-MBS |
| ) |  |
| Plaintiff, ) |  |
| vs. ) | **ORDER** |
| ) |  |
| Gwendolyn Gathers; Percy Jones; Michael ) |  |
| Stephan; Herman Wright; Timothy McCoy, ) |  |
| Head Nurse Mackay (FNU), sued in their ) |  |
| individual capacities, ) |  |
| ) |  |
| Defendants. ) |  |

Plaintiff Esteban M. Weber, appearing *pro se*, filed a 42 U.S.C. § 1983 action against the head nurse and current or former officers of Broad River Correctional Institution ("BRCI"), a South Carolina Department of Corrections facility. Plaintiff alleges Defendants violated his rights under the Eighth Amendment through use of excessive force and denial of medical care. (*See* Complaint, May 19, 2004 (Entry 1).) Plaintiff filed an amended complaint on October 4, 2004, further alleging denial of procedural due process in violation of the Fourteenth Amendment, along with state law claims arising under the South Carolina Tort Claims Act. (*See* Amended Complaint, October 4, 2004 (Entry 34).) Plaintiff sued each Defendant in both his or her individual and official capacities, and seeks punitive and compensatory damages for Plaintiff's alleged injuries. (*Id.*)

The matter is now before the court on motions for summary judgment filed on August 19, 2005 by Defendant Mackay (Entry 83), and by Defendants Gathers, Jones, Stephan, Wright, and McCoy (Entry 84). By Order issued October 12, 2005, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. On November 18, 2005, Plaintiff filed

responses in opposition to both summary judgment motions, along with numerous declarations, an affidavit, and a reply.

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the summary judgment motions and filed a Report and Recommendation on May 22, 2005. (Magistrate Judge Robert S. Carr, Report and Recommendation, 1 (Entry 110).) The Magistrate Judge recommended that the court grant Defendants' motions for summary judgment on all federal claims, and that the court decline jurisdiction over Plaintiff's state claims. (*Id.* at 16-20.) Based on "evidentiary failures," the Magistrate Judge also advised that this action be designated as a "strike" as provided in 28 U.S.C. § 1915(g). *(Id.* at 19.) Plaintiff filed objections to the Report and Recommendation on June 14, 2006. (*See* Plaintiff's Objections to Report and Recommendation, June 14, 2006 (Entry 111).)

The Magistrate Judge makes only a recommendation to the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. The court is charged with conducting a *de novo* review of the report to which specific objection has been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**I.     FACTS.**

The facts are thoroughly discussed in the Magistrate Judge's Report and Recommendation. (*See* Report and Recommendation, 4-9.) Briefly, Plaintiff's claims arose from an altercation with a security guard. (*Id.* at 5.) On June 27, 2002, Plaintiff was outside of the BRCI for a scheduled

exercise period. (*Id.*) At the conclusion of the exercise period, Defendant Gathers gave Plaintiff several verbal directives to back up to the gate of the recreation area to be handcuffed and taken back into the BRCI. (*Id.*) Plaintiff admits that he protested Gathers' direct orders to back up to the cage to be handcuffed, but states that he did eventually approach the gate. (*See* Declaration of Esteban Weber, 5 (Entry 101).) According to Plaintiff, he put his left hand through the gate and Defendant Gathers struck Plaintiff's hand with her handcuffs. (*See id.* at 5-6.) In doing so, Plaintiff claims Defendant Gathers drew blood from several of Plaintiff's fingers. (*Id.*)

Plaintiff was removed from the recreation field by Defendants Stephan and Wright. The officers placed Plaintiff in a BRCI holding cell. (*Id.* at 6.) The associate warden was notified of Plaintiff's altercation with Defendant Gathers,[1] and a forced cell movement team was activated. (*Id.*) The forced cell movement team removed Plaintiff from the holding cell and placed Plaintiff in a restraint chair. (*Id.*) Plaintiff alleges he was attacked and assaulted by the team. (*Id.*) After Plaintiff was restrained, Nurse Donna Walls came to the cell. (*Id.*) Nurse Walls inquired if Plaintiff was okay, and Plaintiff indicated he was. (*Id.*) Nurse Walls further asked Plaintiff: "are you hurting anywhere?"[2] In response, Plaintiff indicated that he was not. (*Id.*)

---

[1] Witnesses testify that Plaintiff grabbed Defendant Gathers and told her: "I told you that I was going to get you." (See Report and Recommendation, 5.) Plaintiff's account refutes this, and, at this stage, these statements of witnesses will not impact the court's evaluation. (*See* Declaration of Esteban Weber, 5-6.)

[2] Plaintiff's conversation with Nurse Walls was captured on videotape and provided to the Magistrate Judge by Defendants. (*Id.*) While the court reasonably views all factual inferences in the light most favorable to Plaintiff, the court must still consider all and any facts, like Plaintiff's videotaped interaction with Nurse Walls, that are in evidence. *See Rogers ex rel Rogers v. Smith*, 2006 WL 1843435 (4th Cir. 2006) (relying on videotape evidence harmful to nonmovant in granting summary judgment); *see also Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 818 (4th Cir. 1995) (explaining that while the party opposing summary

3

Plaintiff additionally alleges that, during the forced cell movement, several personal papers detailing Plaintiff's grievances with BRCI were taken from Plaintiff. (*Id.* at 8.) Plaintiff contends that an officer informed him that his papers would be returned, but Plaintiff alleges they never were. (*Id.* at 8.) Plaintiff further alleges that Defendant MacKay, a nurse, provided Plaintiff with inadequate medical care shortly after his release from the restraint chair by initially refusing to x-ray his left wrist and by finding that a later x-ray indicated no serious or emergent need for care. (*Id.* at 8.) Finally, Plaintiff complains of being forced to wear "black box restraints"[3] when proceeding to recreation, showers, the medical department, and the like for approximately forty days after the incident. (*Id.* at 9.)

**II.     DISCUSSION.**

With respect to Plaintiff's excessive force claims, the Magistrate Judge determined that Plaintiff's allegations show only a *de minimis* injury, and therefore a *de minimis* use of force. *See Norman v. Taylor*, 25 F.3d 1259 (1994). The Magistrate Judge noted that although an x-ray showed a past injury to Plaintiff's left wrist, Plaintiff did not allege Defendants injured Plaintiff's wrist in any fashion nor that the injury was serious. With respect to the denial of medical care, the

---

judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of reasonable probability" and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary").

[3] The Eighth Circuit described the black box restraints as a mechanism "applied over the chain and lock area of conventional handcuffs to form a rigid link between the two wristlets." *Moody v. Proctor*, 986 F.2d 239, 240 n.3 (8th Cir. 1993); *see also Knox v. McGinnis*, 998 F.2d 1405, 1411 (7th Cir. 1993) (holding black box handcuffs are reasonable measures in view of the history of violence at prison).

Magistrate Judge found that Plaintiff had not demonstrated neither a serious medical need nor deliberate indifference on the part of Defendants. *See Estelle v. Gamble*, 429 U.S. 97 (1976). As to Plaintiff's property loss, the Magistrate Judge noted that, because Plaintiff has post-deprivation remedies under state law, he cannot claim he has been denied procedural due process. *See Hudson v. Palmer*, 468 U.S. 517 (1984). The Magistrate Judge further found no constitutional violation in Defendant Stephan's decision to use black box restraints when transporting Weber. *See Whitley v. Albers*, 475 U.S. 312 (1986). Finally, the Magistrate Judge found that Defendants were entitled to Eleventh Amendment immunity in their official capacities and qualified immunity in their individual capacities. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *see also Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

Plaintiff filed five objections to the Magistrate Judge's Report and Recommendation. (*See* Plaintiff's Objections to Report and Recommendation, June 14, 2006.) Plaintiff first contends the Magistrate Judge penalized him for submitting an unsworn affidavit. While the Report and Recommendation mentions Plaintiff's failure to sign his declaration, the Magistrate Judge did not penalize Plaintiff for the oversight. (Magistrate Judge Robert S. Carr, Report and Recommendation, 2-3.) Instead, the Magistrate Judge carefully considered and relied on facts alleged by Plaintiff in his declaration. (*Id.*) Second, Plaintiff argues that affidavits submitted by Defendants were untruthful. The Magistrate Judge, while evaluating Defendants' summary judgment motions, properly viewed the evidence in the light most favorable to the Plaintiff, the non-moving party. (*Id.* at 3-4.) As such, the Magistrate Judge relied on the information contained within Plaintiff's complaint or Plaintiff's summary judgment materials and not the sworn affidavits submitted by Defendants. (*Id.* at 16-17.) Third, Plaintiff objects to the Magistrate Judge's alleged failure to rule

on whether Plaintiff can successfully sue Defendants in their individual capacities. To the contrary, the Report and Recommendation of the Magistrate Judge assessed Plaintiff's ability to sue Defendants in their individual capacities by finding Defendants were entitled to qualified immunity because "it does not appear that the Defendants violated a particular right of Weber's, clearly established in law, of which a reasonable person would have known." (*Id*. at 19.) Fourth, Plaintiff contends a pre-trial statement of the Magistrate Judge relating to the issue of exhaustion prejudiced Defendants from settling with Plaintiff. However, the record reveals the Magistrate Judge ruled in favor of Plaintiff on the issue of exhaustion. (*See* Minute Entry, August 11, 2005 (Entry 81).) Thus, the court finds no merit in these objections.

Finally, Plaintiff contends the Magistrate Judge erred in recommending that the court designate this action as a "strike" under 28 U.S.C. § 1915(g). (*See* Plaintiff's Objections to Report and Recommendation, June 14, 2006.) Inmates may not proceed *in forma pauperis* in civil rights actions if, on three prior occasions, they:

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under immediate danger of serious physical injury.

28 U.S.C. § 1915(g). Based on "evidentiary failures," the Magistrate Judge advised the court to find this action be considered a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g). (Report and Recommendation, 19.) As the Fourth Circuit has noted, an action proceeding to the summary judgment stage can rarely be characterized as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" for purposes of 28 U.S.C. § 1915(g). *See, e.g., Pressley v. Rutledge*, 82 Fed. Appx. 857, 858 (4th Cir. 2003) ("Because, however, [Plaintiff's] action was dismissed upon

6

a grant of summary judgment to the Defendants, we vacate the district court's order to the extent it assessed a strike pursuant to 28 U.S.C. § 1915(g)."). Plaintiff's allegations stated a claim upon which relief could be granted, and there is little evidence that, in filing this action, Plaintiff acted in malicious or insincere manner. Accordingly, the court declines to deem this case a strike for purposes of § 1915(g).

### III.     CONCLUSION.

The court adopts the Magistrate Judge's Report and Recommendation **in part** and incorporates it herein by reference. For the reasons stated above and in the Report and Recommendation, Defendants' motions for summary judgment (Entries 83 and 84) on all federal claims are **granted**. The court declines to exercise jurisdiction on Plaintiff's state claims. The court declines to designate this action as a "strike" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

                                                          S/ Margaret B. Seymour
                                                          United States District Judge

September 26, 2006

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**